UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ALLIE KERNS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:10-CV-121-REW |
| | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| ENCOMPASS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Encompass Insurance Company moved for judgment on its declaratory judgment counterclaim, which centers on a "regular use" UIM exclusion.[1] *See* DE #19 (Motion for Declaratory Judgment[2]); DE #2 (Answer) at 6-12 (Counterclaim for Declaration of Rights).

---

[1] As an initial matter, in granting Encompass leave to file its counterclaim, *see* DE #15 (Order), the Court determined to exercise its jurisdiction over that claim. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Assurance Co. of America v. Continental Development & Const., Inc.*, No. 09-5705, 2010 WL 3398484, at *2-*3 (6th Cir. Aug. 26, 2010) (slip copy) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting 28 U.S.C. § 2201) (ellipsis and emphasis in original)). District courts have "substantial discretion to exercise jurisdiction" over declaratory judgment actions. *See id.* at *2 (quoting *Scottsdale Ins. Co.*, 513 F.3d at 554). Here, the Court believes, in its discretion, that the declaratory action would settle the policy controversy and thus clarify the legal relations at issue. *See id.* (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (outlining factors for exercise of jurisdiction). The instant declaratory action would not increase friction between the federal and state courts and does not appear, on the record before the Court, to be merely "procedural fencing." *See id.* No alternative remedy would be more effective for Encompass. *See id.*

[2] Defendant styled the motion as "Motion for Declaratory Judgment," which appears facially to ask the Court to enter ultimate judgment in the case. Where a case involves both legal and equitable claims, including a declaratory judgment action, a jury trial right exists. *See Simler v. Conner*, 83 S. Ct. 609, 611 (1963) (per curiam). The Federal Rules of Civil Procedure

1

Plaintiff Allie Kerns responded in opposition, *see* DE #20 (Response); DE #21 (Proposed Order), and Defendant replied. *See* DE #22 (Reply). The matter is thus ripe for the Court's review.

For the reasons stated fully below, the Court **DENIES** Defendant's motion for summary judgment on the declaratory judgment counterclaim. The Court will set the case for trial.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] *See* Fed. R. Civ. P. 56(c). The Court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Additionally, the Court may not "weigh the evidence and determine the

---

govern declaratory judgment actions. *See* Fed. R. Civ. P. 57. Motions styled "Motion for Declaratory Judgment" may be construed as motions for summary judgment. *See, e.g.*, *Hammons v. Ohio Cas. Ins. Co.*, No. 09-30-KSF, 2009 WL 1505548, at *6 (E.D. Ky. May 28, 2009) (slip copy); *Scottsdale Ins. Co. v. Flowers*, No. 06-632-C, 2008 WL 2704915, at *1 n.2 (W.D. Ky. Jul. 8, 2008) (unreported). For these reasons, the Court construes Defendant's motion as a motion for summary judgment on its declaratory judgment counterclaim.

[3] On December 1, 2010, by order of the United States Supreme Court, a new version of Rule 56 came into effect. Notably, the Advisory Committee Notes indicate: "The standard for granting summary judgment remains unchanged." *See* Fed. R. Civ. P. 56 advisory committee's note (2010). That is, even though the new operative phrasing becomes "no genuine dispute as to any material fact," rather than "no genuine issue of material fact," the standard has not been altered. The new Rule 56 applies to pending cases "as just and practicable," per the Supreme Court.

Here, the Court notes that briefing concluded on the instant motion on October 27, 2010, just over a month before the new Rule 56 came into effect. *See* DE #22 (Reply). For this reason, the Court utilizes the language of the prior Rule 56 – the one governing at the time of submission – in this decision.

truth of the matter" at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

The burden of establishing the absence of a genuine issue of material fact initially rests with the moving party. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986) (requiring the moving party to set forth "the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate an absence of a genuine issue of material fact"); *Lindsay*, 578 at 414 ("The party moving for summary judgment bears the initial burden of showing that there is no material issue in dispute."). If the moving party meets its burden, the burden then shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *See Celotex Corp.*, 106. S. Ct. at 2253; *Bass v. Robinson*, 167 F.3d 1041, 1044 (6th Cir. 1999). In cases, as here, where the defendant is the moving party, "the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." *See Anderson*, 106 S. Ct. at 2514. However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp.* at 106 S. Ct. at 2552.

A fact is "material" if the underlying substantive law identifies the fact as an essential element. *See Anderson*, 106 S. Ct. at 2510. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *See id.* A

"genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *See id.* at 2511; *Matsushita Elec. Indus. Co.*, 106 S. Ct. at 1356 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (citation omitted).

## II. ANALYSIS

Encompass failed to meet its initial burden under Rule 56. Additionally, even if the Court considered that initial burden somehow met, insufficient evidence exists in the record for the Court to determine that judgment would be appropriate as a matter of law under Rule 56.

### A. Initial Burden

Encompass did not meet its initial burden to demonstrate that no genuine issue of material fact exists, so the Court must deny the summary judgment motion. *See Celotex Corp.*, 106 S. Ct. at 2553; *Lindsay*, 578 F.3d at 414. In moving for summary judgment, Defendant offers a seven-page brief, with a narrative of facts, plus a copy of the 65-page insurance policy. *See* DE #19. The brief includes five footnotes that cite to deposition excerpts; however, Encompass neglected to file those deposition excerpts into the record with the motion. Thus, the Court has from Defendant only the unsupported factual narrative, plus the insurance policy; that filing fails to reach the initial burden imposed by Rule 56.

Encompass's argument relies particularly on facts in this case. Consider the following summation from Defendant's brief:

> While testimony has indicated Plaintiff was required to request permission to perform small personal errands, such as picking up lunch, while using the vehicle for deliveries, it is equally clear from the testimony of Plaintiff and his supervisor that such requests were always granted. **Based on the foregoing**, it is abundantly clear that the Plaintiff had more than restricted or occasional use of the employer-owned vehicle, and instead regularly, uniformly, and consistently used the vehicle during the

> completion of his daily work tasks. **Therefore**, the regular use exclusion set forth in Plaintiff's personal insurance policy through Encompass is clearly applicable in the case at bar and the Court should enter an Order finding that there is no UIM coverage available to Plaintiff under the subject policy, and dismissing the Plaintiff's claims against Encompass.

*See* DE #19 at 6 (emphases added) (footnote omitted). Encompass's reply demonstrates the same:

> Plaintiff in this case had regular, daily, and required use of the vehicle while he was executing his job duties with Carquest which clearly conforms to the definition of regular use of the vehicle as defined under Kentucky law. **Therefore**, the Plaintiff is not entitled to UIM benefits under his personal insurance policy for the accident at issue in this case.

*See* DE #22 at 3. The briefing is chock full of unattributed but material factual allegations as to Kerns's vehicle use; possession, *see* DE #19 at 2; key access, *see id.*; permission duty, *see id.*; use exclusivity, *see id.* at 5; and compensation claim status. *See id.* at 6. The phrases and areas highlighted above by the Court emphasize the degree to which the motion for summary judgment depends on facts in the case not yet established. Of course, under the Rule 56 standard, the Court construes the evidence and draws all reasonable inferences from the underlying facts in favor of the nonmoving party, not the moving party. *See Matsushita*, 106 S. Ct. at 1356; *Lindsay*, 578 F.3d at 414. A party simply cannot provide an unsupported narrative, rendering that party's version of the facts, and expect the Court to accept that narrative not only as the material facts, but also as material facts about which no genuine issue exists in the case. Encompass has not satisfied its initial burden, so the motion for summary judgment must be denied.

As a basis for judgment, Encompass may not rely on depositions not placed in the record. *See* Fed. R. Civ. P. 56(c)(2) (referencing consideration of "pleadings, the discovery and disclosure material on file, and any affidavits"); Fed. R. Civ. P. 5(d)(filing obligation as to

5

deposition once "used in the proceeding"); *Gover v. Speedway Super America, LLC*, 284 F. Supp. 2d 858, 862 (S.D. Ohio 2003). This is especially sensitive and important where the parties clearly dispute facts regarding the central issue – the nature, extent and scope of Kerns's use of the subject vehicle. *See* DE #1-2 (Complaint) at ¶ 14; DE #2 (Answer & Counterclaim) at ¶¶ 4 & 15. Encompass seeks to apply a policy exclusion, and it bears the burden of establishing facts as to that exclusion. *See Secura Ins. Co. v. Gray Constr., Inc.*, 717 F. Supp. 2d 710, 714-15 (W.D. Ky. 2009). Here, Encompass tendered nothing into the record except the policy itself, which only sets up and begs the question as to "regular use."

**B. Judgment as a Matter of Law**

Even if Encompass met its initial burden, the Court could not find that, on the incomplete record presented, judgment would be appropriate as a matter of law. The parties debate, on facts documented (partly) by Kerns, whether a regular-use exclusion bars recovery. Here, applying the Rule 56 standard and drawing all reasonable inferences for Plaintiff, a genuine issue of material fact remains as to whether the regular-use provision would apply.

Encompass emphasizes a Kentucky law definition of "regular use" as when a vehicle can "'usually and regularly be had or be used whenever it is wanted, needed, or desired.'" *See* DE #22 at 2 (purporting to quote *Motorists Mut. Ins. Co., v. Glass*, 996 S.W.2d 437 (Ky. 1997)).[4] Further, Defendant asserts that, as applied previously in this District, "regular use" may mean "use of a vehicle for as many as six hours each day during the work week for the routine

---

[4] The language quoted does not appear to be from *Motorists Mutual Insurance Company v. Glass*, based on a word search of the case. Instead, the language comes from an endorsed jury instruction in *Kentucky Farm Bureau Mut. Ins. Co. v. Cook*, 590 S.W.2d 885, 890 (Ky. Ct. App. 1978), *reversed in part on other grounds by Kentucky Farm Bureau Mut. Ins. Co. v. Cook*, 590 S.W.2d 875 (Ky. 1979).

fulfillment of job duties." *See id.* at 1 (purporting to reference *Mays v. Encompass*, No. 06-160-HRW, 2008 WL 2325602 (E.D. Ky. May 14, 2008)).[5] Encompass points the Court to four cases from other courts that Defendant cites as analogous to the facts in the instant case. *See* DE #19 at 4-5.

Plaintiff emphasizes that the vehicle at issue relates just to his work, and thus had any availability only during and related to his work hours, not at any other time throughout the day. *See* DE #20 at ¶¶ 3, 4. Moreover, according to Kerns, he had to ask permission to use the vehicle, during work hours, for any personal errands, and failure to ask permission could result in termination. *See id.* at ¶ 4. To support Plaintiff's account, he provides excerpts from the deposition of James Spencer, who, based on those excerpts, approved or disapproved any personal errands. *See* DE #20-1 (Deposition) at 2-3. Spencer explained how an unauthorized errand could lead to accruing of points and ultimately termination. *See* DE #20-2 (Deposition) at 1-2. These deposition excerpts stand as the only evidence in the record, and under the Rule 56 standard, all reasonable inferences will be drawn in Kerns's favor.

Ultimately, on the dearth of record established by the parties, the Court cannot find judgment to be appropriate as a matter of law. As noted previously, Encompass has not established that no genuine issue of material fact remains as to coverage. Moreover, insufficient facts stand in the record for the Court to assess the matter under the cases cited by the parties and determine that judgment would be appropriate.

Kentucky does enforce the regular use exclusion. *See, e.g.*, *Burton v. Kentucky Farm*

---

[5] Curiously, *Mays* concerned a vacationing plaintiff, who suffered injuries while using a homeowner's motorcycle under a temporary authorization for the vacation. *See Mays*, 2008 WL 2325602, at *6.

*Bureau Mut. Ins. Co.*, 326 S.W.3d 474, 476 (Ky. Ct. App. 2010). The policy provides no definition of the term "regular use," and the Court must thus must attribute an ordinary meaning to the phraseology. The numerous Kentucky cases addressing the definition lend aid and produce a host of factors: *Nationwide Mut. Ins. Co. v. Tingle*, 759 F. Supp. 353, 354 (W.D. Ky. 1990) (citing *Grange Mut. Companies v. Bradshaw*, 724 S.W.2d 216, 219 (Ky. Ct. App. 1986)) (noting definition "largely determined by whether he is required to ask permission from the owner before each use"); *Krumpelman v. Estate of Codrington*, No. 04-170-DLB, 2005 WL 1657087, at *3 (E.D. Ky. 2005) (unreported) ("customary, usual, or normal"); *Kentucky Farm Bureau Mut. Ins. Co. v. Kitchen*, 395 S.W.2d 769, 771 (Ky. 1965) ("'at one's disposal,' 'accessible,' 'usable'"); *Kentucky Farm Bureau Mut. Ins. Co. v. Hill*, 278 S.W.2d 729, 731 (Ky. 1955) (querying whether use required permission or was treated as interchangeable with personal vehicle); *Kentucky Farm Bureau Mut. Ins. Co. v. Cook*, 590 S.W.2d 885, 889-90 (Ky. Ct. App. 1978) (endorsing instruction as a thing "usually and regularly . . . had or . . . used whenever it is wanted, needed or desired and that such use may be made without seeking permission of the owner for each such use"), *reversed in part on other grounds by Kentucky Farm Bureau Mut. Ins. Co. v. Cook*, 590 S.W.2d 875 (Ky. 1979). The situational nature of the term means that application often calls for jury evaluation. *Hill* and *Cook* were jury cases on the exclusion. *See Bradshaw*, 724 S.W.2d at 219 ("The term 'regular use' is not defined in the policies; therefore, what constitutes 'regular use' is a factual question.").

Movant fails to establish a current right to judgment as a matter of law on application of this exclusion under Kentucky law. Judgment would not be appropriate as a matter of law on the instant record, based on the motion, response, and reply and the paucity of evidence submitted.

**C. Interplay with Worker's Compensation**

Finally, as to the exclusion based on interplay with worker's compensation, Encompass's arguments runs afoul of clear Kentucky law. Although the record does not prove the existence of a compensation claim, that carrier, if any, would not have a subrogation claim against any UIM award in this case. *See Jewell v. Kentucky School Bd. Ass'n*, 309 S.W.3d 232, 236 (Ky. 2010) (noting no subrogation right by compensation carrier against UIM proceeds); *G&J Pepsi-Cola Bottlers, Inc. v. Fletcher*, 229 S.W.3d 915, 916 (Ky. Ct. App. 2007) (no subrogation claim). The compensation carrier would derive no benefit from any UIM payment, and Encompass's argument thus plainly fails as to this exclusion.

**III. CONCLUSION**

Consistent with this Opinion & Order, and for the reasons described above, the Court **DENIES** the motion for judgment (DE #19) on the declaratory judgment counterclaim.

This the 28th day of January, 2011.

Signed By:
Robert E. Wier
United States Magistrate Judge